UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

**GEORGE HOWES,**                                      Case No. 5:11 CV 912

            Petitioner,                          Judge Patricia A. Gaughan

      v.                                               REPORT & RECOMMENDATION

**DAVID BOBBY, WARDEN**,

            Respondent.                        Magistrate Judge James R. Knepp II

## INTRODUCTION

*Pro se* Petitioner George Howes, a prisoner in state custody, was convicted by an Ohio jury of failure to comply with a police officer's orders, receiving stolen property, aggravated robbery, and robbery, and sentenced to a total of fifteen and a half years in prison. After his appeals proved unsuccessful, Petitioner filed for a writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1). Respondent David Bobby, Warden of the Ohio State Penitentiary, filed a Return of Writ (Doc. 13), to which Petitioner filed a Traverse (Doc. 18).  This matter was referred to the undersigned for a Report and Recommendation pursuant to Local Rule 72.2(b)(2). (Non-document entry dated June 30, 2011).  For the reasons discussed below, the undersigned recommends the Petition be denied.

## FACTUAL BACKGROUND

The Ohio Court of Appeals set forth the following factual background in *State v. Howes*, 2010 Ohio 421, ¶¶ 2–4 (Ohio Ct. App. 2010):

> [¶ 2]  This case stems from a series of events that occurred during the late evening hours of October 22, 2008 and the early morning hours of October 23, 2008. During that timeframe, an individual later identified as Howes: (1) attempted to break into

the Circle K on Norton Avenue in Barberton; (2) crossed the street to the Rocky's Drive-Thru and robbed the owner at gunpoint; (3) led police officers on a car chase in a stolen vehicle; and (4) ran from officers on foot after they successfully stopped the vehicle.

[¶ 3]  Howes was arrested on October 23, 2008 and indicted on November 4, 2008 for the following offenses: (1) failure to comply with the order or signal of a police officer, in violation of R.C. 2921.331(B); (2) receiving stolen property, in violation of R.C. 2913.51(A); (3) driving under suspension, in violation of R.C. 4510.11; (4) obstructing official business, in violation of R.C. 2921.31(A); and (5) reckless operation, in violation of R.C. 4511.20. The grand jury filed a supplemental indictment on November 10, 2008, charging Howes with aggravated robbery, in violation of R.C. 2911.01(A)(1)/(3); robbery, in violation of R.C. 2911.02(A)(1)/(A)(2); and two firearm specifications, in violation of R.C. 2941.145. The trial court arraigned Howes on his initial indictment on November 7, 2008 and arraigned him on his supplemental indictment on November 18, 2008. The court set a November 18, 2008 date for Howes' pretrial. Howes remained incarcerated in lieu of posting bond.

[¶ 4]  On November 13, 2008, the State filed a demand for discovery. Thereafter, the trial court set another pretrial for November 25, 2008 and continued the pretrial until December 2, 2008. On December 5, 2008, the court issued an order setting Howes' final pretrial for January 20, 2009 and his trial for January 29, 2009. The court subsequently moved Howes' pretrial date to January 27, 2009 and moved his trial date to January 30, 2009. On January 29, 2009, Howes filed a motion to discharge pursuant to Ohio's speedy trial statutes. The court denied Howes' motion, and the matter proceeded to trial. The jury found Howes guilty of failure to comply, receiving stolen property, aggravated robbery, and robbery, and the court sentenced Howes to a total of fifteen and a half years in prison.

These factual findings "shall be presumed to be correct", and Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Warren v. Smith*, 161 F.3d 358, 360–61 (6th Cir. 1998). Petitioner does not challenge the court's recitation of the facts.

## PROCEDURAL BACKGROUND

Following his conviction and sentence, Petitioner filed a direct appeal to the Ohio Ninth District Court of Appeals, raising three assignments of error:

2

1.      The trial court erred when it failed to bring Defendant to trial within ninety days under Ohio's speedy trial statutes.

2.      The trial court erred in admitting records which were not produced to the Defendant at open file discovery.

3.      Defendant's counsel was ineffective in failing to respond to the State's written demand for discovery.

*Howes*, 2010 Ohio 421, at ¶¶ 5, 9, 14. In a decision and journal entry issued in February 2010, the court of appeals found each of Petitioner's assignments of error without merit and affirmed his convictions. *Id.* at ¶ 18.

Petitioner timely appealed to the Ohio Supreme Court *pro se* (Doc. 13-1, at 86), raising the same issues as he had before the court of appeals (Doc. 13-1, at 95, 99, 101). However, the Ohio Supreme Court denied leave to appeal and dismissed the appeal as not involving any substantial constitutional question. (Doc. 13-1, at 105).

While Petitioner was waiting to hear from the Ohio Supreme Court, he filed a Petition to Vacate or Set Aside Sentence with the trial court, arguing the indictment was insufficient because it lacked an allegation of mens rea. (Doc. 13-1, at 112). The State filed a motion to dismiss, arguing the petition was untimely and otherwise barred by res judicata (Doc. 13-1, at 117–18), which the trial court granted (Doc. 13-1, at 125). Petitioner did not appeal this decision to either the court of appeals or Ohio Supreme Court.

The day after filing his Petition to Vacate, Petitioner filed an Application for Reopening under Ohio Appellate Rule 26(B) with the court of appeals. (Doc. 13-1, at 106). Petitioner contended his appellate counsel was ineffective for failing to (1) point out his trial counsel's ineffectiveness, and (2) to argue plain error regarding his robbery conviction. Petitioner also maintained his indictment was deficient because it lacked the mens rea element of recklessness, an

3

argument he raised in his Petition to Vacate.  (Doc. 13-1, at 107–08, 111).  The court of appeals, however, denied Petitioner's application, finding he did not establish a genuine issue of ineffective assistance.  It reasoned that although the indictment did not contain the mens rea element, the jury returned a verdict specifically finding Petitioner acted recklessly. (Doc. 13-1, at 111).  Petitioner did not appeal this decision.

Petitioner now raises four grounds for relief before this Court:

- **Ground One:** The trial court erred when it failed to bring Defendant to trial within ninety days under Ohio's speedy trial statutes.

- **Ground Two:** The trial court erred in admitting records, which were not produced to the Defendant at open file discovery.

- **Ground Three:** Defendant's counsel was ineffective in failing to respond to the states written demand for discovery.

- **Ground Four:** The appellate court erred in failing to grant Petitioner's 26(B) application for reopening appeal, and Petition to Vacate or Set Aside Sentence.

(Doc. 1, at 4–5).

## STANDARD OF REVIEW

When the basis for a federal habeas claim has been previously adjudicated by the state courts, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides the writ shall not issue unless the state decision "was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). A federal court may grant habeas relief if the state court arrives at a decision opposite to that reached by the Supreme Court of the United States on a question of law, or if the state court decides a case differently than did the Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405 (2000). The appropriate measure of whether a state court

4

decision unreasonably applied clearly established federal law is whether that state adjudication was "objectively unreasonable" and not merely erroneous or incorrect. *Williams*, 529 U.S. at 409–11; *see also Machacek v. Hofbauer*, 213 F.3d 947, 953 (6th Cir. 2000).

To obtain "habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 131 S. Ct. 770, 786–87 (2011).

**DISCUSSION**

**Procedural Default**

Respondent specifically argues Petitioner procedurally defaulted Grounds Two and Four, and accordingly, those claims should be dismissed. Respondent also argues Petitioner's first ground for relief fails to state a cognizable habeas claim because it is based entirely on state law, which the Court interprets as an argument that because Petitioner failed to fairly present this argument as a federal claim before the state courts, it is subject to procedural default. *See Gross v. Warden,* 426 F. App'x 349, 356–58 (6th Cir. 2011).

Reasons of federalism and comity generally bar federal habeas corpus review of "contentions of federal law . . . not resolved on the merits in the state proceeding due to [the] failure to raise them there as required by state procedure." *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).

One way procedural default occurs is when the last state court rendering a decision makes a "plain statement" basing its judgment on a procedural bar. *Harris v. Reed*, 489 U.S. 255, 265 (1989). That is, if, due to the petitioner's failure to comply with a procedural rule, the state court declines to reach the merits of an issue, and the state procedural rule provides adequate and

independent grounds for precluding relief, then the issue is procedurally defaulted unless there was actual prejudice by the alleged constitutional error and "cause" for not following the procedural rule, *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986), or " failure to consider the claims will result in a fundamental miscarriage of justice", *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

But "[t]he mere existence of a basis for a state procedural bar does not deprive [federal courts] of jurisdiction; the state court must actually have relied on the procedural bar as an independent basis for its disposition of the case." *Bowling v. Parker*, 344 F.3d 487, 498 (6th Cir. 2003) (quoting *Caldwell v. Mississippi*, 472 U.S. 320, 327 (1985)); *see also Coleman*, 501 U.S. at 735 (holding the last state court rendering a reasoned judgment must "clearly and expressly" state its judgment rests on a procedural bar for procedural default to apply).

If the State argues a petitioner has procedurally defaulted his claims, the court must conduct the following four-step analysis to determine whether the petitioner has indeed defaulted and, if so, whether the procedural default may be excused:

1. The Court determines whether there is a procedural rule applicable to the claim at issue, and whether the petitioner in fact failed to follow it;

2. The Court then determines whether the state courts actually enforced their procedural sanction;

3. The Court then decides whether the state's procedural forfeit is an "adequate and independent ground" on which the state can rely to foreclose federal review; and

4. Finally, in order to avoid default, the petitioner can demonstrate that there was "cause" for him to neglect the procedural rule, and that he was actually prejudiced by the alleged constitutional error.

*Maupin*, 785 F.2d at 138.

Demonstrating "cause" requires  a petitioner to "show that 'some objective factor external to the defense' prevented the petitioner's compliance with a state procedural rule."  *Bonilla v.*

6

*Hurley*, 370 F.3d 494, 498 (6th Cir. 2004) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). Demonstrating prejudice requires a petitioner to show "not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original).

A procedural default will also be excused if the petitioner demonstrates that not excusing the default "will result in a fundamental miscarriage of justice."  *Coleman*, 501 U.S. at 750.  This is a power derived from the court's equitable discretion.  *McCleskey v. Zant*, 499 U.S. 467, 490 (1991). The Supreme Court has held that such an inquiry requires a petitioner "supplement[] a constitutional claim with a 'colorable showing of factual innocence.'" *Id.* at 495 (quoting *Kuhlmann v. Wilson*, 477 U.S. 436, 454 (1986)).  Maintaining this exception to the rule against reviewing procedurally defaulted claims serves as "an additional safeguard against compelling an innocent man to suffer an unconstitutional loss of liberty".  *Id.* (quoting *Stone v. Powell*, 428 U.S.  465, 492–493 (1976)).

### Ground One

In Ground One, Petitioner argues the trial court erred by not bringing him to trial within 90 days pursuant to Ohio's speedy trial statute. (Doc. 1, at 4).  Respondent counters that this claim is not cognizable in a habeas action because it is based on state law.  Alternatively, Respondent argues Petitioner's Sixth Amendment speedy trial rights were not violated because he was brought to trial within a reasonable time.  (Doc. 13, at 19–20).

To obtain habeas relief, a petitioner must first exhaust all available state court remedies. 28 U.S.C. § 2254(b)(1). This requirement is satisfied only if the petitioner's claim is "fairly

presented" to the state courts before seeking relief in the federal courts. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Whiting v. Burt*, 395 F.3d 602, 612 (6th Cir. 2005). In explaining this requirement, the Supreme Court has said:

> [W]e made clear that 28 U.S.C. § 2254 requires a federal habeas petitioner to provide the state courts with a "fair opportunity" to apply controlling legal principles to the facts bearing upon his constitutional claim. It is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made. In addition, the habeas petitioner must have "fairly presented" to the state courts the "substance" of his federal habeas corpus claim.

*Anderson v. Harless*, 459 U.S. 4, 6 (1982) (citations omitted). This fair presentation requirement has been strictly followed by the Sixth Circuit, to the point where a catch-all allegation such as claiming the defendant was denied his constitutional right to a fair trial, when supported only by state law, does not fairly apprise the state court of the appellant's specific constitutional theory. *Weaver v. Foltz*, 888 F.2d 1097, 1099 (6th Cir. 1989). Similarly, the phrases "fair trial" and "due process", by themselves, "do not call to mind a specific right protected by the Constitution." *Weaver*, 888 F.2d at 1099 (citing *Petrucelli v. Coombe*, 735 F.2d 684, 688 (6th Cir. 1984)).

A constitutional claim for relief must be presented to the state's highest court in order to satisfy the fair presentation requirement and be exhausted. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999) ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking *one complete round* of the State's established appellate review process." (emphasis added)). If a state defendant fails to fairly present a federal constitutional claim to the state courts, he waives the claim for purpose of federal habeas corpus review. *Weaver*, 888 F.2d at 1099.

Here, Petitioner only relied upon Ohio state law in presenting his speedy trial violation to

8

the court of appeals and the Ohio Supreme Court. (Doc. 13-1, at 18–36; 88–104).  Similarly, he only

relies upon state law in his habeas Petition. (Doc. 1, at 4). Petitioner, however, insists that whether

he specifically raised a federal claim, "if the allegations in his Petition support such a claim, then

the Court should treat his pro se petition as having raised" federal claims. (Doc. 18, at 3). Not so.

"[T]he exhaustion doctrine requires a habeas applicant to do more than scatter some makeshift

needles in the haystack of the state court record." *Gross*, 426 F. App'x at 357 (quoting *Martens v.*

*Shannon*, 836 F.2d 715, 717 (1st Cir. 1988)).  Rather, the petitioner must present the ground relied

upon "face-up and squarely; the federal question must be plainly defined." *Id*.; *McNair v. Campbell*,

416 F.3d 1291, 1303 (11th Cir. 2005) (citing *Martens*, 836 F.2d at 717); *Mallory v. Smith*, 27 F.3d

991, 995 (4th Cir. 1994) (same). That did not happen here. Petitioner simply relied upon state law,

both in his appeals and his habeas Petition, and that is insufficient to state a cognizable habeas claim.

*Gross*, 426 F. App'x at 357.

That leaves this Court to determine whether Petitioner has shown cause and prejudice for his

default. *See Maupin*, 785 F.2d at 138.  However, Petitioner has not made that showing.  In fact, he

does not even make an argument on this point. Furthermore, there is nothing in the record

demonstrating why Petitioner could not have presented a federal constitutional claim along side his

state speedy trial argument.  Petitioner has therefore failed to demonstrate cause, and the Court need

not consider whether there was prejudice resulting from the default. *See Gross*, 426 F. App'x at 358.

Accordingly, the undersigned recommends finding Ground One is procedurally defaulted.

### Ground Two

In Ground Two, Petitioner claims the trial court erred in admitting records which were not

produced to the Defendant during open file discovery.  Respondent counters that although Petitioner fully exhausted this claim by fairly presenting it to the state courts, the court of appeals did not address its merits because Petitioner failed to object to the admission of this evidence at trial.  This is what the court of appeals had to say:

> In his second assignment of error, Howes argues that the trial court erred by admitting evidence that the prosecutor willfully withheld during discovery. The record reflects that Howes did not object to the evidence that he takes issue with. Rather, he moved for a mistrial on the basis that the State did not provide him with the evidence during discovery. As such, we limit our review to determining whether the trial court erred by denying Howes' motion for a mistrial.

*Howes*, 2010 Ohio 421 at ¶ 10.  In other words, the court of appeals addressed whether the trial court should have granted Petitioner's motion for mistrial rather than whether the trial court should have admitted certain evidence into the record. For present purposes, this makes all the difference.

Ohio has a contemporaneous objection rule under which an appellant who fails to object waives later review of the issue unless plain error can be shown. *Williams v. Bagley*, 380 F.3d 932, 968 (6th Cir. 2004).  Under this rule, Petitioner was required to object at trial to the introduction of the disputed evidence lest he waive his complaint; he failed to do so.  The court of appeals actually enforced this rule by refusing to address the issue on appeal. *Howes*, 2010 Ohio 421 at ¶ 10.  Instead, it addressed his motion for mistrial. *Id.* Furthermore, the Sixth Circuit has held that Ohio's contemporaneous objection rule constitutes an adequate and independent state ground barring federal review absent a showing of cause for the waiver and resulting prejudice. *Id.*; *Hinkle v. Randle*, 271 F.3d 239, 244 (6th Cir. 2001); *Stojetz v. Ishee*, 2006 WL 328155, at *12 (S.D. Ohio 2006).  Petitioner has not, however, argued there was good cause for his failure to object to the introduction of the evidence and the Court sees none.  While he did move for a mistrial on this issue, as the court of appeals noted, that was an altogether different complaint, which it did address.

10

*Howes*, 2010 Ohio 421 at ¶ 10.

Accordingly, the *Maupin* test is satisfied and the undersigned recommends finding Ground Two is procedurally defaulted.

### Ground Four

In Ground Four, Petitioner makes two arguments: first, that the court of appeals erred in failing to grant his Application to Reopen, and second, that the trial court erred when it denied his post-conviction petition. (Doc. 1, at 5). Respondent argues Petitioner procedurally defaulted both of these claims because he did not appeal either decision and delayed appeals are not available to him in either circumstance. (Doc. 13, at 15).

A petitioner may default by failing "to raise a claim in state court, and pursue that claim through the state's ordinary appellate review procedures." *Thompson v. Bell*, 580 F.3d 423, 437 (6th Cir. 2009) (quoting *Harris*, 489 U.S. at 263) (internal citations and quotation marks omitted); *see also Deitz v. Money*, 391 F.3d 804, 808 (6th Cir. 2004) ("A federal court is also barred from hearing issues that could have been raised in the state courts, but were not"). Here, Petitioner could have appealed the denial of his Rule 26(B) application to the Ohio Supreme Court, and the denial of his petition for post-conviction relief to the court of appeals. He did neither.[1] Petitioner's claims

---

[1.] Petitioner could not file a delayed appeal in either situation. *See* Ohio Sup. Ct. Prac. R. 2.2(A)(4)(c) (noting the "provision for delayed appeals does not apply to appeals involving postconviction-relief or appeals brought pursuant to App. R. 26(B)."); *State v. Nichols*, 11 Ohio St. 3d 40, 43 (1984) ("A delayed appeal pursuant to Ohio R. App. P. 5(A) is not available in the appeal of a postconviction relief determination pursuant to Ohio Rev. Code Ann. § 2953.23(B)"). Therefore these claims are subject to the doctrine of procedural default, rather than the exhaustion requirement. *See Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) ("a petitioner may procedurally default a claim by failing to raise a claim in state court, and pursue the claim through the state's ordinary appellate review procedures. If, at the time of the federal habeas petition, state law no longer allows the petitioner to raise the claim, the claim is procedurally defaulted." (internal quotations and citations omitted)).

are accordingly foreclosed by the doctrine of res judicata because he could have raised them on appeal.  *See Monzo v. Edwards*, 281 F.3d 568, 576–77 (6th Cir. 2002).  This is an adequate and independent state ground upon which to base procedural default.  *Id.*  And again, Petitioner has not argued, nor can he show, cause for his procedural default or that he was prejudiced.  Accordingly, the undersigned recommends finding Petitioner procedurally defaulted Ground Four.

**Ground Three**

Petitioner's remaining ground asserts a claim for ineffective assistance of trial counsel for failing to respond to the State's written demand for discovery.  Petitioner appears to argue this tolled the time in which he was required to be brought to trial, thereby allowing the State to try Petitioner outside of 90 days.  (Doc. 1, at 5).  This claim will be addressed on the merits.

Effective assistance of trial counsel is guaranteed by the Due Process Clause. *Evitts v. Lucey*, 469 U.S. 387, 391–405 (1985). To prevail on an ineffective assistance of counsel claim, a petitioner must satisfy both prongs of the *Strickland* test: performance and prejudice.  *Harries v. Bell*, 417 F.3d 631, 636 (6th Cir. 2005) (citing *Strickland v. Washington*, 466 U.S. 668, 686–692 (1984)).

To meet the performance prong, counsel's representation must fall below an objective standard of reasonableness under prevailing professional norms. *Strickland*, 466 U.S. at 688. To meet the prejudice prong, there must exist a reasonable probability that, absent counsel's unprofessional errors, the results of the proceeding would have been different.  *Id.* at 694. When considering the prejudice element, the focus is on whether counsel's errors undermined the reliability of and confidence in the result. *West v. Seabold*, 73 F.3d 81, 84 (6th Cir. 1996) (citing *Lockhart v. Fretwell*, 506 U.S. 364, 370 (1993)). This is a high burden:

> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or

adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.

*Strickland*, 466 U.S. at 689.

Here, as in his direct appeal, Petitioner argues that due to his trial counsel's failure to respond to the State's discovery request, the time period in which the State was required to bring Petitioner to trial was tolled.  *Howes*, 2010 Ohio 421 at ¶ 17; Doc. 1, at 5.  Petitioner contends that but for his trial counsel's failure to respond, the trial court would have had to grant his motion to discharge. *Id.*

However, Petitioner cannot show he was prejudiced by trial counsel's failure to respond to the State's discovery requests.  As the court of appeals explained, there were two other tolling events that occurred prior to trial, meaning Petitioner was brought to trial prior to his speedy trial time expiring, even ignoring the tolling period caused by counsel's failure to respond to discovery. *Howes*, 2010 Ohio 421 at ¶¶ 8–9, 17.  Accordingly, Petitioner cannot show a reasonable probability that, absent counsel's failure to respond to discovery, the results of the proceeding would have been different. *Strickland*, 466 U.S. at 694.  The court of appeals' application of the *Strickland* test was reasonable and Petitioner's arguments to the contrary are without merit.

## CONCLUSION AND RECOMMENDATION

The state court decisions here were not contrary to clearly established federal law, nor were they unreasonable applications of it. For the foregoing reasons, the undersigned recommends the

13

Petition (Doc. 1) be dismissed.

s/James R. Knepp II
United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).

14