UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| George Howes, | ) | CASE NO. 5:11 CV 912 |
| | ) | |
| Petitioner, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| David Bobby, Warden | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Respondent. | ) | |

### Introduction

This matter is before the Court upon the Report and Recommendation of Magistrate Judge James Knepp II (Doc. 19) which recommends denial of the Petition for Writ of Habeas Corpus pending before the Court. Petitioner filed objections to the recommendation. For the following reasons, the Report and Recommendation is ACCEPTED.

### Standard of Review

Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts provides, "The judge must determine *de novo* any proposed finding or recommendation to which objection is made. The judge may accept, reject, or modify any

1

proposed finding or recommendation."

### Discussion

Petitioner is incarcerated after an Ohio state jury found him guilty of failure to comply, receiving stolen property, aggravated robbery, and robbery. Petitioner raised four grounds for relief in his Petition which the Magistrate Judge concluded did not warrant habeas relief. For the following reasons, this Court agrees.

Ground One asserts that the trial court erred by not bringing him to trial within 90 days as required by Ohio's speedy trial statute. The Magistrate Judge found this claim defaulted as petitioner never presented it as a federal constitutional claim but always relied on Ohio state law. As he argued before the Magistrate, petitioner objects on the basis that his *pro se* status should afford him liberal review and the claim should be construed as one under the Sixth Amendment. Like the Magistrate, this Court concludes that precedent requires dismissal of the claim given that it was never fairly presented as a federal claim and petitioner's *pro se* status does not excuse this deficiency.

The Magistrate Judge also found Ground Two defaulted in that petitioner alleges trial court error in the admission of records, but he did not object at trial. On this basis, the court of appeals refused to address the merits of the claim. This results in a procedural default here. Petitioner appears to assert in his objections that ineffective assistance of counsel excuses the default. But, petitioner did not argue this before the Magistrate Judge and, nevertheless, presents no discussion here.

Ground Three asserts ineffective assistance of trial counsel for failure to respond to a demand for discovery. The Magistrate Judge rejected this claim on the merits finding that no

2

prejudice had been demonstrated. Petitioner fails to show, or even address, prejudice in his objections.

Finally, the Magistrate Judge found Ground Four procedurally defaulted because petitioner failed to appeal the decisions on his Rule 26(B) application and his motion for post-conviction relief which he now claims were decided in error. Again, no cause or prejudice has been demonstrated to excuse the default and, accordingly, this claim is barred.

**Conclusion**

For the reasons set forth herein and for the reasons set forth in the Magistrate Judge's Report and Recommendation, the Petition for Writ of Habeas Corpus is denied. Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed.R.App.P. 22(b).

IT IS SO ORDERED.

    /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 6/27/12